*C. E. Walker*, for appellant.
*Edwin G. Leland*, for appellee.

---

## Daggy v. Ash and Others.

PARTITION.—In a suit for partition, where the court found on the trial that defendant had purchased the land, of which partition was sought, from the ancestor of plaintiffs, and had obtained a decree for specific performance of the contract, and a conveyance regularly made under the decree of the court, and that the purchase money paid into court had been taken by the administrator as assets, it was held sufficient to defeat the application for partition.

APPEAL from the *Putnam* Common Pleas.

FRAZER, J.—Petition for partition by the appellees against the appellant, alleging that the appellees were

seized of four-fifths and the appellant one-fifth of the lands in question. The only parts of the answer necessary to be stated are: 1. General denial. 2. That the appellant's grantor had purchased the entire lands of the ancestor of the appellees, from whom they claim to derive title by descent, and had afterward, by suit in chancery, in the *Putnam* Circuit Court, regularly obtained a decree against the ancestor for the specific performance of the contract, etc., and had procured a conveyance by a commissioner in pursuance of the decree; that the purchase money, which had in that case been paid into court, was, after the decease of the ancestor of the appellees, with their knowledge and concurrence, received by the administrator, and used as assets. An issue was made upon the second paragraph by a general denial thereof. A jury was waived, and the issues tried by the judge, who found the facts specially and substantially as they were alleged in the second paragraph of the answer, except that the money was taken and used by the administrator as assets, the appellees having no knowledge of the . *application* thereof. On this finding, judgment was rendered for the appellees over the appellant's objection.

Without the advantage of any argument on behalf of the appellees, we are entirely at a loss to discover how the judgment of the court below can be sustained. The decree of the *Putnam* Circuit Court, in 1849, for specific performance, at once settled the question that the equitable title to the lands was in the grantor of the appellant. It passed to the appellant by the conveyance to him, and this, under our practice, would enable him to defeat any application for partition brought against him by the heirs of the party against whom the decree was rendered. We can not perceive how the fact that the plaintiffs below had no knowledge of the application of the purchase money can affect the case. If the decree was valid, it was not only the right, but the duty of the administrator to take the money as assets; and whether he did so or not, with

or without the knowledge and consent of the heirs at law, it could in no manner abridge or enlarge the rights which had become settled by the decree. If the decree bound their ancestor in his lifetime, it also bound his heirs after his death.

Judgment reversed, with costs; cause remanded, with instructions to the court below to set aside all proceedings subsequent to the finding, and to render final judgment thereon for the appellant.

*Williamson & Daggy*, for appellant.
*Eckles & Scott*, for appellee.